David C. O'Mara, Esq.
Nevada State Bar No. 8599
The O'Mara Law Firm, P.C.
311 E. Liberty Street
Reno, Nevada 89051
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

Lionel Z. Glancy
Michael Goldberg
Robert V. Prongay
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff Howard L. Howell*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ELLISA PANCOE, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:11-CV-545-RCJ-(RAM) |
| Plaintiff, | CLASS ACTION |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF HOWARD L. HOWELL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| JBI, INC., f/k/a 310 HOLDINGS, INC., JOHN BORDYNUIK, and RONALD BALDWIN, JR., | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Howard L. Howell (hereinafter, "Movant") respectfully submits this memorandum of points and authorities in support of his motion for appointment as lead plaintiff and approval of Movant's selection of lead counsel.

## I.      FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of JBI, Inc. securities between August 28, 2009 and July 20, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

JBI, Inc. ("JBI" or the "Company") purports to be a domestic alternative oil and gas company. On April 20, 2006, JBI (then known as 310 Holdings) was incorporated in the State of Nevada. Defendant John Bordynuik ("Bordynuik") purchased 63% of the issued and outstanding shares of 310 Holdings on April 24, 2009. Subsequently, Defendant Bordynuik was appointed President and Chief Executive Officer of the Company. Thereafter, JBI represented that it was transitioning to become a global technology leader whose purpose was to mine data from Bordynuik's large information archive, find under-productive entities to inject its superior proprietary technologies into, and benefit from increased productivity and profitability, beginning with Plastic2Oil. According to the Company, Plastic2Oil is a combination of proprietary technologies and processes developed by JBI which convert waste plastics into fuel.

On August 24, 2009, the Company purchased 100% of the issued and outstanding shares of JavaCo, Inc. ("JavaCo") from Domark International, Inc. ("Domark"), in exchange for $150,000 in cash and 2,500,000 shares of common stock. On the same date the Company issued 1,000,000 JBI common shares to Domark in exchange for media credits valued at $9,997,134.

On September 30, 2009, the Company purchased 100% of the membership interests of Pak-It, LLC in exchange for $1,200,000 cash, 625,000 JBI common shares, and the assumption of $2,665,000 in short- and long-term debts.

Then, on May 21, 2010, the Company disclosed that Bordynuik had concluded that the Company's previously issued audited financial statements for the year ended December 31, 2009, and the interim financial statements for the period ended September 30, 2009, should no longer be relied upon due to the accounting treatment and related disclosures of two acquisitions that were completed during 2009, and the valuation of media credits acquired by the Company during 2009 through the issuance of common stock. Following this news, JBI shares declined $0.65, more than 21%, to close on May 21, 2010, at $2.40 per share, and further declined an additional $0.80 per share, or more than 33%, to close on May 24, 2010, at $1.60 per share on heavy volume. Over the course of these two trading days, JBI shares declined a total of $1.45 per share, or approximately 47%.

On July 20, 2011, JBI disclosed that on July 14, 2011, the staff of the Securities and Exchange Commission Division of Enforcement issued a "Wells Notice" to the Company indicating that the staff intended to recommend that the SEC file a civil lawsuit alleging that the Company violated certain provisions of the federal securities laws. The Company indicated its belief that the proposed lawsuit related to JBI's subsequently restated financial statements for the third quarter of 2009 and for the year ended December 31, 2009. Moreover, the Company indicated its belief that the staff may also recommend naming one or more current and former officers of the Company as defendants in the proposed lawsuit. On this news, shares of JBI

declined $0.62 per share, nearly 24%, to close on July 21, 2011, at $2.00 per share, on unusually heavy volume.

Plaintiff alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: (1) the media credits acquired by the Company in connection with the JavaCo acquisition were substantially overvalued; (2) the Company was improperly accounting for acquisitions; (3) as such, the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (4) the Company lacked adequate internal and financial controls; and (5), as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

## II.    PROCEDURAL HISTORY

Plaintiff Ellisa Pancoe commenced this action against the above-named defendants on July 28, 2011, and on that day counsel for plaintiff published a notice on *Business Wire* announcing that a securities class action had been initiated against Defendants herein. *See* Declaration of Michael Goldberg In Support of Motion of Howard L. Howell For Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration"), submitted herewith at Exhibit A.

Movant brings the instant motion pursuant to the *Pancoe* complaint and published notice, and files this motion prior to expiration of the 60-day period from publication of the July 28, 2011 notice.

### III.   ARGUMENT

#### A.   Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa)   has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

As set forth herein, Movant satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

#### 1.   Movant Is Making A Motion In Response To A Notice

On July 28, 2011, plaintiff Ellisa Pancoe filed the above-captioned class action complaint, Case No. 3:11-cv-00545-RCJ–RAM, alleging violations of federal securities laws against JBI and certain of the Company's executive officers.  On that same day, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for Pancoe published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire

service[1] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of JBI securities that they had 60 days from the publication of the July 28, 2011 notice to file a motion to be appointed as lead plaintiff.

Movant files the instant motion pursuant to the *Pancoe* complaint and published notice, and submits herewith Movant's sworn certification attesting that Howard L. Howell is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B.

Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### 2.    Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B);  *Cavanaugh*, 306 F.3d at 730.

Here, Movant purchased 25,300 shares of JBI during the Class Period, and has suffered financial losses of $37,067 as a result of his transactions.  *See* Goldberg Declaration, Exhibit C.  To the best of his knowledge, Movant believes he has the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff."  *See Cavanaugh*, 306 F.3d at 730.

---

[1]    *See Mohanty v. BigBand Networks, Inc.*, No. C 07-05101 SBA, 2008 WL 426250, at *2 (N.D. Cal. Feb. 13, 2008).

### 3.      Movant Satisfies The Requirements Of
### Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a); s*ee also Stocke v. Shuffle Master, Inc.* No. 2:07-CV-00715-KJD-RJ, 2007 WL 4262723, at *2-3 (D. Nev. Nov. 30, 2007).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999) (citations omitted).

### a.      Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the other class members' claims. *See Stocke*, 2007 WL 4262723, at *2. Here, Movant's claims are typical of the

claims asserted by Class. Movant, like all members of the Class, alleges that defendants violated federal securities laws by publicly disseminating false and misleading statements concerning JBI's business, operations and financial performance and prospects. Movant, like all members of the Class, purchased JBI securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, Movant's interests are closely aligned with other Class members', and, therefore, Movant's interests are typical of the Class. *Id.*

### b.   Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citation omitted).

Movant has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant also sustained substantial financial losses from his investments in JBI securities and is, therefore, motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, "no evidence exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of

representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1071 (C.D. Cal. 1999).

### 4.    Movant Howard L. Howell Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Howard L. Howell as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or

> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).   The presumption that Howard L. Howell is the most adequate plaintiff is not, therefore, subject to rebuttal.   Movant has suffered significant financial losses – in excess of $37,000 -- as a result of his purchases of JBI shares, and believes he has the largest financial interest in this case of any class member who timely filed a motion to be appointed lead plaintiff.   In addition, Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, Howard L. Howell is presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class. *Cavanaugh*, 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act.   Thus, the Court

should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this law firm as plaintiff's lead counsel, with The O'Mara Law Firm, P.C. as liaison counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in securities litigation, and the firm has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé, attached to the Goldberg Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing Howard L. Howell as lead plaintiff, (b) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

DATED: September 26, 2011          **THE O'MARA LAW FIRM, P.C.**


By:   s/ David C. O'Mara
      **DAVID C. O'MARA, ESQ.**

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Robert V. Prongay
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150

1    Facsimile: (310) 201-9160

2    *Attorneys for Plaintiff Howard L. Howell*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28