Patrick R. Leverty
**LEVERTY & ASSOCIATES LAW, CHTD.**
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Fax: (775) 322-3953
Email: pat@levertylaw.com

[Proposed] Liaison Counsel for Plaintiffs and Class

Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELLISA PANCOE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JBI, INC., f/k/a 310 HOLDINGS, Inc., JOHN BORDYNUIK, and RONALD BALDWIN, JR.,<br><br>Defendants. | No. CV-11-00545-RCJ-WGC<br><br>**MOTION OF TIM AMOS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>CHIEF JUDGE: Hon. Robert C. Jones |

0

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

Tim Amos ("Movant") will, and does, move this Court for an order granting the Movant's Motion: (1) for appointment as Lead Plaintiff of the Class; and (2) for approval of the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class and Leverty & Associates Law, Chtd. as Liaison Counsel for the Class.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), on the grounds (1) that Movant should be appointed Lead Plaintiff for the class of all securities purchasers of JBI, Inc. during the period between August 28, 2009 and July 20, 2011, inclusive (the "Class Period") as the Movant has timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's selection of the Rosen Law Firm, P.A. as Lead Counsel and Leverty & Associates Law, Chtd. as Liaison Counsel should be approved as both firms are well qualified and have extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence Rosen, and a proposed order.

Dated:  September 26, 2011          Respectfully submitted,

**LEVERTY & ASSOCIATES LAW, CHTD.**

Patrick R. Leverty
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Fax: (775) 322-3953
Email: pat@levertylaw.com

[Proposed] Liaison Counsel for Plaintiffs and Class

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

2

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

## MEMORANDUM OF POINTS AND AUTHORITIES

Tim Amos ("Movant") respectfully submits this memorandum in support of the motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"),

(1) appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of JBI, Inc. ("JBI" or the "Company") between August 28, 2009 and July 20, 2011, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing the Rosen Law Firm, P.A. as Lead Counsel and Leverty & Associates Law, Chtd as Liaison Counsel.

## I.     PERTINENT BACKGROUND

This action was commenced on July 28, 2011 by plaintiff Ellisa Pancoe. That same day, a law firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in the action and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

According to the Complaint, JBI purports to be a domestic alternative oil and gas company. The Complaint alleges that JBI violated the Exchange Act in connection with the issuance of materially false and misleading statements about the Company's business and financial condition.

The Complaint alleges that throughout the Class Period defendants knew or recklessly disregarded that their public statements concerning JBI's business, operations and prospects were materially false and misleading. Specifically, the defendants made false and/or misleading statements and/or failed to disclose: (1) that media credits acquired by JBI in connection with an acquisition were substantially overvalued; (2) that JBI was improperly accounting for acquisitions; (3) that, as such, JBI's financial results were not prepared in accordance with Generally Accepted Accounting Principles; (4) that JBI lacked adequate internal and financial

3

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

controls; and (5) that, as a result of the above, JBI's financial statements were materially false and misleading at all relevant times.

On May 21, 2010, JBI disclosed that its previously issued financial statements for the 2009 fiscal year and third quarter should no longer be relied upon due to the accounting treatment and related disclosures of two acquisitions completed in 2009, and the valuation of media credits acquired by JBI through the issuance of common stock. This adverse news caused caused JBI's stock to lose almost half of its value.

On July 20, 2011, JBI disclosed that the staff of the United States Securities and Exchange Commission's Division of Enforcement issued a "Wells Notice" to JBI indicating that the staff intended to recommend that the SEC file a civil lawsuit alleging that the Company violated certain provisions of the federal securities laws.   JBI noted its belief that the proposed lawsuit related to the Company's restated financial statements for the 2009 fiscal year and third quarter, and that the staff may also recommend naming one or more current and former officers of JBI as defendants.

This adverse news caused JBI's stock price to fall 24%.

## ARGUMENT

**II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the 60 days after the date of publication, 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

4

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

     (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

     (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

  As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

  Tim Amos has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in Mr. Amos' PSLRA certification, filed concurrently herewith, he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

  The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

  Mr. Amos lost a total of $55,515.90 in connection with his purchases of JBI stock.[1] *See* Rosen Decl., Ex. 3 (Movant's Loss Chart).

---

[1] Movant uses the price of $1.93/share for held shares—average closing trading price from the close of the Class Period to September 21, 2011.

5

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

Movant is not aware of any other movant that has suffered greater losses in JBI stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movant fulfills all of the pertinent requirements of Rule 23. Mr. Amos shares substantially similar questions of law and fact with the members of the class, and the Movant's claims are typical of the members of the class. Movant and all members of the class allege that

6

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

Defendants violated the Exchange Act by publicly disseminating false and misleading statements about JBI and its business. Movant, as did all of the members of the class, purchased JBI stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Movant as Lead Plaintiff.

### D. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Mr. Amos as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Mr. Amos is not aware of any unique defenses that Defendants could raise against him that would render any of him inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

7

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

Movant has selected The Rosen Law Firm as Lead Counsel and Leverty & Associates Law as Liaison Counsel.  The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants.  Furthermore, the Rosen Law Firm and Leverty & Associates Law are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Rosen Decl., Exs. 4 -5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the Class will receive the best legal representation available..

## IV.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Tim Amos as Lead Plaintiff of the class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel and Leverty & Associates Law Chtd. as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:  September 26, 2011          Respectfully submitted,

**LEVERTY & ASSOCIATES LAW, CHTD.**

/S/ *Patrick Leverty*
Patrick R. Leverty
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Fax: (775) 322-3953
Email: pat@levertylaw.com
[Proposed] Liaison Counsel for Plaintiffs and Class

8

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

1 | **THE ROSEN LAW FIRM, P.A.**
2 | Laurence M. Rosen, Esq. (SBN 219683)
3 | 355 South Grand Avenue, Suite 2450
4 | Los Angeles, CA 90071
5 | Telephone: (213) 785-2610
6 | Facsimile: (213) 226-4684
7 | Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

9

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/S/ *Patrick Leverty*
Patrick R. Leverty

10

Motion of Tim Amos for Appointment as Lead Plaintiff
and Approval of Choice of Counsel; Memorandum of Points and Authorities in
Support Thereof – No. CV-11-00545-RCJ-WGC