UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD L. HOWELL, Lead Plaintiff, ELLISA PANCOE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JBI, INC., f/k/a 310 HOLDINGS, INC., JOHN BORDYNUIK, and RONALD BALDWIN, JR.,<br><br>Defendants. | Case No. 3:11-CV-00545-RCJ-WGC |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT ("PRELIMINARY APPROVAL ORDER")**

WHEREAS, a class action is pending before the Court entitled *Howard L. Howell v. JBI, Inc., et al.*, 3:11-CV-00545-RCJ-WGC, United States District Court for the District of Nevada (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of August 8, 2013 (the "Stipulation"),[1] which has been entered into by the Plaintiffs and the Defendants, and the Court has reviewed the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation ("Preliminary Approval Order"), in accordance with the Stipulation of Settlement which,

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, and the terms used herein shall have the same meaning as in the Stipulation.

together with the attached Exhibits A-1, A-2, A-3, and B, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the attached Exhibits;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the terms of the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court finds that: (a) the Stipulation resulted from arm's-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3. The Settlement Hearing shall be held before this Court on April 27, 2015 at 10:00 A.M. to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; whether to certify the Settlement Class; whether to approve the Plaintiffs' application for their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class; and to determine the amount of fees that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for the purposes of effectuating this Settlement, a Settlement Class consisting of all persons or entities who purchased or otherwise acquired JBI's securities between August 28, 2009 and January 4, 2012, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families (i.e., spouse and children), any entity in which any Defendant has or had a legal controlling interest, and the legal representatives, heirs, successors, or assigns of any Defendant. There has been no prior notice to Class Members of the certification of the Class in this Litigation or prior opportunity for any Person or entity to request to be excluded from the Class.

5. In preliminarily certifying this Settlement Class, the Court finds that the Settlement Class appears to satisfy the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representative, Howard L. Howell, are typical of the claims of the Class he represents; (d) the Class Representative has and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court approves, as to form and content, the *Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees, and Settlement Fairness Hearing* (the "Notice" attached to the Stipulation as A-1); the *Proof of Claim and Release* form (the "Proof of Claim," attached to the Stipulation as A-2), and Summary Notice ("Summary Notice," attached to the Stipulation as A-3). The Court further finds that the mailing, posting, and publishing of the

Notice, Proof of Claim, and Summary Notice as specified in ¶8 below, meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Between the effective date of this Preliminary Approval Order and entry of any Final Judgment and Order of Dismissal With Prejudice at the Settlement Hearing each Class Member (directly, representatively, or in any other capacity) is expressly enjoined against asserting, commencing or prosecuting any of the Defendants or their Related Parties any matters related to the Released Claims in this Litigation, or in any proceeding or forum. This injunction is necessary to protect and effectuate the Settlement and this Preliminary Approval Order; the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate; and is ordered in aid of the Court's jurisdiction and to protect its judgments.

8. The Court appoints Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims.

    a. Within 20 court days after the date of this Preliminary Approval Order, the Claims Administrator shall cause (a) a copy of the *Notice* and the *Proof of Claim*, substantially in the forms annexed as Exhibits A-1 and A-2 to the Stipulation, to be mailed by first class mail to all Class Members who can be identified with reasonable effort and (b) the Stipulation with Exhibits and the *Notice* to be posted on the following website: www. gilardi.com/JBI.

    b. Within 30 court days after the date of this Preliminary Approval Order, the Claims Administrator shall cause the *Summary Notice* to be published once in Investor's Business Daily, and on a different day shall cause the Summary Notice to be published once in Globe Newswire;

c. Within seventy court days after the date of this Preliminary Approval Order, Class Counsel shall file with the Court and serve on Defendants' counsel proof, by affidavit or declaration, of such mailing, publishing and posting.

9. Nominees who purchased or acquired JBI, Inc. securities between August 28, 2009 and January 4, 2012, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such JBI, Inc. securities within twenty (20) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within twenty (20) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Class Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing the Notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-one (21) days prior to the Settlement Hearing. A Request for Exclusion must state (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of JBI, Inc. securities made during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this

paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this Litigation.

11. All Members of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

12. Class Members (other than those Persons or entities who shall validly request exclusion from the Class) who wish to participate in the Settlement shall complete and submit a *Proof of Claim* form in accordance with the instructions contained therein. Unless the Court orders otherwise, all *Proof of Claim* forms must be postmarked within 120 calendar days after the date of this Preliminary Approval Order. Any Class Member who does not timely submit a *Proof of Claim* shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

13. Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, Lead Counsel will represent them.

14. Any Member of the Class (other than those Persons or entities who shall validly request exclusion from the Class) may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and reimbursement of expenses should or should not be awarded to Plaintiffs or Class Counsel; provided, however,

that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs or Class Counsel, unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Nevada, no later than twenty-one (21) days prior to the Settlement Hearing and delivered copies of any such papers to counsel identified in the Notice, such that they are received on or before such date.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.  Class Members objection to the Settlement must follow the requirements in the Notice.

15. All papers in support of the Settlement, the Plan of Allocation, Plaintiffs' application for reimbursement of expenses, and the application for attorneys' fees and expenses, shall be filed and served not later than thirty-five (35) days prior to the Settlement Hearing. Any papers in further support of the Settlement, the Plan of Allocation, Plaintiffs' application for reimbursement of expenses, and the application for attorneys' fees, shall be filed and served no later than ten (10) days prior to the Settlement Hearing.

16. Neither the Defendants nor their Released Parties shall have any responsibility for or liability with respect to the Plan of Allocation, Plaintiffs' application for reimbursement of expenses, or any application for attorneys' fees submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, Plaintiffs' application for reimbursement of expenses, and any application for attorneys' fees shall be approved.

18. Defendants may reimburse certain mediation expenses and certain administration expenses, in the manner specified in the Stipulation.

19. Funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation or further order(s) of the Court.

20. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Plaintiffs or any Class Members have suffered any damages, harm, or loss.

21. In the event that the Effective Date does not occur, then the Settling Parties shall promptly move this Court to nullify the settlement contemplated by the Stipulation, and otherwise return the parties to their respective litigation positions prior to the date of this Preliminary Approval Order, all in a manner consistent with the Stipulation.

22. Pending the Settlement Hearing, the Court stays all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

23. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the

Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: December 18, 2014

_____
The Honorable Robert C. Jones
Chief United States District Judge