UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD L. HOWELL, Lead Plaintiff, ELLISA PANCOE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JBI, INC., f/k/a 310 HOLDINGS, INC., JOHN BORDYNUIK, and RONALD BALDWIN, JR.,<br><br>Defendants. | Case No. 3:11-CV-00545-RCJ-WGC |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to an Order of this Court, dated December 18, 2014 (the "Notice Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of August 8, 2013 (the "Stipulation").  Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the Stipulation and the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class who did not timely file a request for exclusion from the Class by the April 6, 2015 deadline pursuant to the Notice Order ("Settling Class Members").

3.      The Court certifies this Litigation as a class action and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representative, Howard L. Howell, are typical of the claims of the Class he represents; (d) the Class Representative has and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation for settlement as a class action on behalf of all persons or entities

who purchased or otherwise acquired JBI's securities between August 28, 2009 and January 4, 2012, inclusive, and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families, any entity in which any Defendant has or had a legal controlling interest, and the legal representatives, heirs, successors, or assigns of any Defendant.  Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Exhibit 1 hereto.

5. The distribution of the Notice and the publication of the Summary Notice, as provided for in the Notice Order, constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort.  Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the requirements of Due Process, and any other applicable law.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Plaintiffs, the Class and each of the Class Members.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members and the Defendants.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in

accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, the Settling Class Members shall be deemed to have dismissed the Litigation and all Released Claims (including Unknown Claims), with prejudice as against each and all of the Released Persons.  <u>As defined in the Stipulation:</u>

(a) "Released Claims" means any and all claims (including Unknown Claims), demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, concealed or hidden, asserted or unasserted that have been or could have been asserted in this Litigation or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal or state securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts), whether individual, class, direct, derivative, representative, legal, equitable or any other type or in any other capacity, which Plaintiff or any Member of the Class ever had, now has, or hereafter can, shall, or may have by reason of, arising out of, relating to or in connection with the allegations, conduct, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, or set forth or otherwise related, directly or indirectly, to the Litigation, or to the purchase or acquisition of stock in JBI, including without limitation,

any disclosures made in connection with any of the foregoing, except claims to enforce the Settlement.

(b) "Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision(s) with respect to this Settlement.  Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed, concealed, or hidden.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.  Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542.  Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly and each Class Member, upon the

Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing, heretofore have existed, or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, rule or regulation, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver and inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a key element of the Settlement of which this release is a part.

8.     Upon the Effective Date, the Plaintiffs and each of the Class Members (other than those Persons or entities listed on Exhibit 1 who have timely and validly requested exclusion from the Class) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

9.     Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection

305573.1 JBI

with the institution, prosecution, assertion, settlement or resolution of the Litigation. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

10. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any other litigation that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement as set forth in the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.  With respect to any future hearing or determination of any investment or distribution of the Settlement Fund to Class Members, the Plan of Allocation, the determination, administration or calculation of claims by claimants and

attorneys' fees of Plaintiff's counsel, or the payment or withholding of Taxes of the Settlement Fund, Defendants have no responsibility for, interest in, or liability in connection with such matters and do not have to appear or participate in any hearing for or determination of such separate matters.

13. The Court finds that during the course of the Litigation and after review of the record of this case, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

14. JBI will electronically transfer the shares within ten (10) calendar days of the entry of this Judgment. The transfer of the stock shall be pursuant to Section 3(a)(10) of the Securities Act of 1933. The stock shall not constitute "restricted securities" pursuant to the Securities Act of 1933, and may be sold or transferred by recipients thereof who are not affiliates of JBI (as that term is defined in Rule 144 of the Securities Act of 1933) or recipients deemed to be underwriters under the Securities Act of 1933 without registration under § 5 of the Securities Act of 1933 or compliance with Rule 144.

15. The shares issued hereunder and constituting the Settlement Fund shall not be distributed in kind to Class Members. At any time after entry of Judgment, Lead Counsel shall have the option, at their sole discretion but consistent with their fiduciary duties to Class Members, of selling all or any portion of such shares for the benefit of Class Members subject to the limitations noted herein. The proceeds of any such sale shall be placed in the Settlement Fund. Lead Counsel will ensure that any sales of the stock on any trading day will not exceed the greater of: (1) 12,500 shares; or (2) 10% of the average daily trading volume for JBI's common stock for the 90 trading days preceding the Judgment Day. Lead Counsel will provide

a monthly report to counsel for JBI 10 days after the beginning of each month showing the sales of the shares of stock in the Settlement Fund that occurred in the prior month.

16. If the Effective Date does not occur, then Defendants or Plaintiffs' Lead Counsel shall have the option to terminate by providing written notice of their election to do so ("Termination Notice") to Defendants or Plaintiffs' Lead Counsel. The Termination Notice shall be delivered within 30 court days of the event, specified in subparts (a) through (d) of Paragraph 7.1, which prevents the Effective Date from occurring.

17. Upon receipt of a Termination Notice:

(a) The Settling Parties may mutually agree in writing to proceed with the Stipulation; however, no Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; or

(b) The Settling Parties may move the Court to set aside the settlement or render any judgment or order entered by the Court in accordance with the terms of the Stipulation to be treated *nunc pro tunc*; or otherwise take whatever action necessary to render the terms and provisions of the Stipulation null and void, with no further force and effect with respect to the Settling Parties.

(c) The Settling Parties shall be restored to their respective positions in the Litigation as of one court day prior to the execution of the Stipulation;

(d) Neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Litigation or in any other proceeding for any purpose.

18. The Court hereby **GRANTS** Lead Counsel's attorneys' fees of 25% of the stock component of the Settlement Fund. Said fees shall be allocated by Lead Counsel among

Plaintiffs' counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

19. The Court hereby **GRANTS** Howard L. Howell reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Class in the amount of $5,000.

20. The awarded attorneys' fees and reimbursement of Plaintiff's costs and expenses shall be paid to Lead Counsel and Lead Plaintiffs from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

DATED: _____

                                             The Honorable Robert C. Jones
                                             Chief United States District Judge

# EXHIBIT 1

### List of Persons and Entities Excluded from the Class in

*Howell v. JBI, Inc., et al.*,
Case No. 3:11-CV-00545-RCJ-WGC

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the April 6, 2015 deadline pursuant to the Court's Order dated December 18, 2014:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| Richard Adams<br>7202 Centenary Avenue<br>Dallas, Texas 75225-4622 | |
| Mark H. Michalek<br>789 St. Lawrence Avenue<br>Buffalo, New York 14216 | |
| Louise Nonni<br>10 McDonagh Cresent<br>Thorold, Ontario Canada<br>L2V 4C3 | |
| Valentine R.W. Lucas<br>805 Fairmount Road<br>Port Townsend, WA 98368 | |
| Paul F. Paetow Jr.<br>8 Rutland Ct.<br>Shamong, NJ 08088 | |
| Lisa A. Paetow<br>8 Rutland Ct.<br>Shamong, NJ 08088 | |
| | |
| | |
| | |