David C. O'Mara, Esq.
Nevada State Bar No. 8599
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty Street
Reno, Nevada 89051
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

*Liaison Counsel for Plaintiffs*

Lionel Z. Glancy
Ex Kano S. Sams II
Robert V. Prongay
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Plaintiffs*
[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD L. HOWELL, Lead Plaintiff, ELLISA PANCOE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> JBI, INC., f/k/a 310 HOLDINGS, INC., JOHN BORDYNUIK, and RONALD BALDWIN, JR., <br><br> Defendants. | Case No. 3:11-CV-00545-RCJ-WGC |

---

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING THE DISTRIBUTION OF THE NET SETTLEMENT FUND**

---

## I.        BACKGROUND

On August 8, 2013, the parties entered into a Stipulation of Settlement (the "Stipulation"), providing for the settlement of this action on behalf of a Class consisting of all persons or entities that purchased publicly traded securities of JBI, Inc., formerly 310 Holdings, Inc. ("JBI" or the "Company") between August 28, 2009 and July 10, 2011, inclusive, and were damaged thereby.[1]  Under the terms of the Stipulation, Defendants issued shares of its authorized but unissued common stock to fund the settlement as described within plaintiff's motion for final approval of the settlement.

By Order entered December 18, 2014 ("Preliminary Approval Order"), the Court preliminarily approved the Settlement and appointed Gilardi & Co. LLC ("Claims Administrator" or "Gilardi") as the Claims Administrator to supervise and administer the Court-approved Notice of the Settlement to potential Class Members, process the Claim Forms submitted by Claimants, and determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund pursuant to the Plan of Allocation.

Following the dissemination of the Notice of the Settlement to potential Class Members, on April 28, 2015, the Court entered an order granting final approval of the Settlement as fair, reasonable, and adequate. ("Final Judgment Order").  The Final Judgment Order also approved the Plan of Allocation, which was explained in the Notice sent to potential Class Members, as providing a fair and equitable basis upon which to allocate the proceeds of the Settlement among the Class Members. The Court retained jurisdiction over the implementation of the Settlement, including, but not limited to, distribution of the Settlement Fund.

Plaintiffs' Counsel now requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants.

---

[1]    The Stipulation contains all material terms and all capitalized terms used herein shall have the same meanings assigned to them in the Stipulation.

## II.    CLAIMS ADMINISTRATION

Pursuant to the Stipulation, Preliminary Approval Order, and Notice, all Class Members wishing to be eligible to participate in the Settlement Fund were required to submit Claim Forms postmarked on or before April 17, 2015. As detailed in the Declaration of Nashira McCoy in Support of Motion for Order for Distribution of Net Settlement Fund ("McCoy Declaration"), the Claims Administrator has processed all 1,020 submitted Proofs of Claim. McCoy Decl. p. 5. Gilardi used a thorough Deficiency Notice and Cure Process to address the 550 claims determined to be non-conforming for one or more reasons. *Id*. at pp. 2-5. This Notice and Cure Process involved letters, emails, and inbound and outbound calls to Claimants, all intended to assist Claimants in properly completing their deficient submissions. If a Claim was determined to be partially deficient, Gilardi mailed deficiency notices describing the defect with the Claim and the steps necessary to complete the Claim. *Id.* at Ex. A (examples of deficiency notices). Claimants were advised that unless their Proof of Claim deficiencies were cured, their Claims would be eligible only to the extent they were complete and documented Recognized Losses. *Id*.

After a lengthy Deficiency Notice and Cure Process, Gilardi ultimately rejected 550 Proofs of Claim for one of the following reasons: (1) they did not fit within the definition of the Class; (2) they were duplicates; (3) they contained deficiencies that were never cured; and, by far the most common reason, (4) they did not result in Recognized Losses. *Id*. Plaintiff's Counsel respectfully requests that the Court approve the Claims Administrator's recommendation to reject the Claims listed in Exhibit D(2) of the McCoy Declaration.

## III.    UNTIMELY BUT OTHERWISE ELIGIBLE CLAIMS

It is well settled that a "district court has discretion to allow late claims to a settlement fund." *Lemus v. H & R Block Enters., LLC*, No. C 09-03179 SI, 2013 WL 3831866, at *2 (N.D. Cal. July 23, 2013) (citing *In re Valdez*, 289 F. App'x 204, 206 (9th Cir. 2008)); *accord In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 126 (S.D.N.Y. 2009), *aff'd sub nom. Priceline.com, Inc. v. Silberman*, 405 F. App'x 532 (2d Cir. 2010) (stating that the "determination whether to allow the participation of late claimants in a class action settlement is

essentially an equitable decision within the discretion of the court"). Moreover, "there is an implicit recognition that late claims should ordinarily be considered in the administration of a settlement." *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 Civ. 5323(LTS), 2013 WL 324153, at *2 (S.D.N.Y. Jan. 25, 2013) (quoting *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995)).

Here, of the 44 claims postmarked after the April 17, 2015, Proof of Claim submission deadline, the Claims Administrator has determined that 25 are otherwise eligible. McCoy Decl., p. 6. The untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant or Defendant. *See In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS)(SMG), 2009 WL 803382, at *6 (E.D.N.Y. March 25, 2009) ("Because there is no showing of delay or prejudice, the late filed claims should be included in the class for settlement disbursement"); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets").

Therefore, Lead Plaintiff respectfully requests that the Court approve the 25 untimely but otherwise valid claims included in Exhibit D(2) of the McCoy Declaration. To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date for claims. Accordingly, Lead Plaintiff respectfully request that the distribution order provide that no claim received on or after September 30, 2016, may be accepted for any reason whatsoever, and that no further adjustments to claims may be made for any reason after September 30, 2016. McCoy Decl., p. 6.

## IV.     DISTRIBUTION OF THE NET SETTLEMENT FUND

The Claims Administrator has now finished processing all claims. Lead Plaintiff requests that the Court approve Gilardi's administrative recommendations to accept in whole or in part, as appropriate, the 470 claims deemed acceptable (including the late claims) set forth in Exhibit D(1) of the McCoy Declaration, and to reject the 550 claims that Gilardi has determined are

wholly ineligible set forth in Exhibit D(2) of the McCoy Declaration. The 470 claims deemed acceptable by the Claims Administrator represent a total Recognized Loss of $2,324,858.36.

Upon the issuance of the Court's order authorizing distribution, Gilardi will distribute the entire available balance of the Net Settlement Fund to Authorized Claimants, after deducting the payments previously allowed and requested herein. Each Authorized Claimant's *pro rata* share of the Net Settlement Fund will be based on the claimant's Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants. To encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Lead Plaintiff proposes that all the distribution checks bear the notation: "CASH PROMPTLY, VOID 90 DAYS AFTER ISSUE DATE." McCoy Decl., p. 7.

If there is any balance remaining in the Net Settlement Fund after the initial distribution, Plaintiff's Counsel and the Claims Administrator recommend that, if economically feasible, such remainder be allocated in a second distribution to Authorized Claimants who cashed their checks from the initial distribution. If a second distribution is not economically feasible, the balance of the Net Settlement Fund will be distributed to the designated nonprofit §501(c)(3) organization(s). *Id.*

## V.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, Lead Plaintiff respectfully requests that the Court bar any further Claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement.

357990.1 JBI                                            4

VI.     **RECORD RETENTION AND DESTRUCTION**

Plaintiff's Counsel additionally requests that Gilardi be permitted to destroy paper copies of claim forms and records one year after final distribution and electronic copies of the same three years after final distribution. McCoy Decl., p. 7.

VII.    **CONCLUSION**

For the foregoing reasons, Lead Plaintiff respectfully request that the Court enter the Proposed Order Authorizing Distribution of the Net Settlement Fund submitted herewith.

Dated:  April 19, 2017                       **GLANCY PRONGAY & MURRAY LLP**

                                             By:  *s/ Ex Kano S. Sams II*
                                             Lionel Z. Glancy
                                             Ex Kano S. Sams II
                                             Robert V. Prongay
                                             1925 Century Park East, Suite 2100
                                             Los Angeles, California 90067
                                             Telephone: (310) 201-9150
                                             Facsimile:  (310) 201-9160

                                             *Lead Counsel for Plaintiffs*

                                             **THE O'MARA LAW FIRM, P.C.**
                                             David C. O'Mara, Esq.
                                             Nevada State Bar No. 8599
                                             311 E. Liberty Street
                                             Reno, Nevada 89051
                                             Telephone: (775) 323-1321
                                             Facsimile: (775) 323-4082

                                             *Liaison Counsel for Plaintiffs*

                                             **LAW OFFICES OF HOWARD G. SMITH**
                                             Howard G. Smith
                                             3070 Bristol Pike, Suite 112
                                             Bensalem, PA 19020
                                             Telephone: (215) 638-4847
                                             Facsimile: (215) 638-4867

                                             *Additional Counsel for Plaintiffs*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 19, 2017, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the District of Nevada, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 19, 2017, at Los Angeles, California.


*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II

# Mailing Information for a Case 3:11-cv-00545-RCJ-WGC Howard L. Howell, et al., v. JBI, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard G. Campbell , Jr**
  rcampbell@rgclawoffice.com

- **Lionel Z. Glancy**
  INFO@GLANCYLAW.COM,lglancy@glancylaw.com

- **Michael M. Goldberg**
  michael@goldberglawpc.com,brian@goldberglawpc.com

- **Patrick R. Leverty**
  pat@levertylaw.com,staff@levertylaw.com,patleverty@gmail.com

- **Michael R. MacPhail**
  michael.macphail@faegrebd.com,stephanie.rzepa@faegrebd.com

- **Bret F Meich**
  bmeich@downeybrand.com,reno@downeybrand.com

- **David C OMara**
  david@omaralaw.net,val@omaralaw.net,bsnyder@omaralaw.net

- **Robert V. Prongay**
  rprongay@glancylaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Ex Kano S. Sams , II**
  esams@glancylaw.com

- **Katherine W. Wittenberg**
  katherine.wittenberg@faegrebd.com,michelle.soule@faegrebd.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)