David C. O'Mara, Esq.
Nevada State Bar No. 8599
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty Street
Reno, Nevada 89051
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

*Liaison Counsel for Plaintiffs*

Lionel Z. Glancy
Michael Goldberg
Ex Kano S. Sams II
Robert V. Prongay
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ELLISA PANCOE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JBI, INC., f/k/a 310 HOLDINGS, INC., JOHN BORDYNUIK, and RONALD BALDWIN, JR., <br><br> Defendants. | Case No. 3:11-CV-00545-RCJ-WGC <br><br> **DECLARATION OF NASHIRA MCCOY IN SUPPORT OF MOTION FOR ORDER FOR DISTRIBUTION OF NET SETTLEMENT FUND** |

I, Nashira McCoy, declare:

I am employed by Gilardi & Co. LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Pursuant to ¶ 8 of the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement dated December 18, 2014 (the "Preliminary Approval Order"), the Court appointed Gilardi as the Claims Administrator in connection with the Settlement[1] reached in the above-captioned litigation (the "Litigation"). I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding the administration of the Settlement of the Litigation, the processing of the Proofs of Claim submitted in connection with the Settlement, and the calculation of Recognized Losses pursuant to the Court-approved Plan of Allocation contained in the Notice of Proposed Settlement of Class Action, motion for Attorneys' Fees, and Settlement Fairness Hearing (the "Notice") (together with the Proof of Claim, the "Claim Package") disseminated to the Class.[2] I also submit this declaration in support of Lead Counsel's motion for an Order: (a) approving the administrative action taken by Gilardi in accepting and rejecting the Proofs of Claim submitted in connection with the Settlement; (b) directing distribution of the Net Settlement Fund to eligible claimants whose Proofs of Claim have been approved for payment; (c) approving the plan for re-distribution and/or donation of any funds remaining in the Net Settlement Fund following the initial distribution to eligible claimants as set forth in the Stipulation of Settlement and Lead Counsel's motion; and (d) authorizing destruction of paper copies of Proofs of Claim and electronic copies of claim records after an appropriate time following distribution of the Net Settlement Fund.

---

[1] All of the capitalized terms not defined herein have the same meanings as set forth in the Stipulation of Settlement dated August 8, 2013 (Dkt. No. 74-1) (the "Stipulation").

[2] The "Class" is defined as all persons or entities who purchased or otherwise acquired JBI's securities between August 28, 2009 and January 4, 2012, inclusive, and who were damaged thereby. The services performed by Gilardi in connection with providing notice of the Settlement to the Class are detailed in the Declaration of Nashira Washington Re: A) Mailing of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and the Proof of Claim and Release, B) Publication of the Summary Notice, and C) Website Posting dated February 18, 2015 (the "Washington Declaration"). Dkt. No. 97.

## PROCEDURES FOLLOWED IN ACCEPTING AND REJECTING CLAIMS

Pursuant to the Preliminary Approval Order, and as described more fully in the Washington Declaration, Gilardi mailed Claim Packages to a list of all persons or entities who purchased JBI's securities between August 28, 2009 and January 4, 2012, inclusive (the "Class Period"), which Gilardi obtained from the transfer agent for JBI. Additionally, Lead Counsel provided Gilardi with lists of information obtained from Defense Counsel which contained names and addresses of JBI private offering investors and other shareholders during the relevant period. Likewise, Gilardi sent Claim Packages to brokerages, custodial banks, and other nominees listed in Gilardi's propriety database of relevant entities that it has compiled over the course of its claims administration experience. Beginning on January 21, 2015, and on a rolling basis thereafter, Gilardi caused Claim Packages to be sent to potential Class Members. To date, a total of 9,892 Claim Packages have been sent to potential Class Members and nominees.

In addition to the Claim Packages that potential Class Members received, Gilardi also established a toll-free helpline (888-283-2856) as well as a dedicated website (www.jbisecuritieslitigation.com). Both the toll-free helpline and website were each operational as of January 21, 2015. The website and toll-free helpline enabled potential Class Members to obtain information about the Settlement, including the exclusion, objection and Proof of Claim filing deadlines, and to access important documents relevant to the Settlement, including the Claim Package.

Under the terms of the Court's Preliminary Approval Order and as set forth in the Notice, Class Members were required to complete and submit a Proof of Claim, postmarked no later than April 17, 2015, that documented, among other things, the dates and amounts of their purchases and sales of JBI common stock during the Class Period, in order to establish their eligibility to share in the Net Settlement Fund under the Plan of Allocation.

As set forth in the Notice and Proof of Claim, Proofs of Claim were to be mailed to a Post Office Box maintained by Gilardi (*i.e.*, P.O. Box 8040, San Rafael, CA 94912-8040).[3] Mail received

---

[3] Claimants with large numbers of transactions (*e.g.*, institutional investors and third-party filers) were permitted to submit their transactions electronically; however, these claimants were also required to submit a manually signed Proof of Claim.

DECLARATION OF NASHIRA MCCOY IN SUPPORT OF MOTION FOR ORDER FOR DISTRIBUTION OF NET SETTLEMENT FUND

2

1  by the Post Office Box was opened and sorted into correspondence, such as requests for Proofs of Claim, actual Proofs of Claim, address changes and additional documentation. The correspondence received was reviewed and, where necessary, appropriate responses were provided to the senders. Each Proof of Claim received, together with all submitted supporting documentation, was assigned a unique claim number. The information from each Proof of Claim, including the name, address, Employer I.D. or Social Security Number of the claimant, and the purchase and sale transactions listed on the Proof of Claim, was entered into an electronic database.

The documentation provided in support of each Proof of Claim was then reviewed to ascertain whether the claimant did, in fact, make the purchases and/or sales of JBI common stock during the Class Period that they listed on the Proof of Claim and/or whether they had any additional holdings or transactions in JBI common stock as shown by their documentation.

A number of Proofs of Claim submitted in connection with the Settlement were incomplete, not properly documented, or were otherwise deficient. Where a Proof of Claim lacked the required information or documentation to substantiate the claimant's holdings and/or transactions in JBI common stock during the relevant period, or was otherwise ineligible, Gilardi sent a notice of deficiency to the claimant advising them of the deficiency in the Proof of Claim and requesting submission of the appropriate information/documentary evidence to correct the deficiency and/or to complete the Proof of Claim ("Notice of Deficiency"). Sample Notices of Deficiency are attached hereto as Exhibit A.

The Notice of Deficiency notified the claimant that they were required to submit the appropriate information/documentary evidence to correct or complete their Proof of Claim within 20 days from the date of the notice. The Notice of Deficiency also advised the claimant that failure to correct the deficiency in their Proof of Claim within the allotted time may result in the disqualification of their Proof of Claim.

Claimants who failed to submit the appropriate information/documentary evidence to cure their Proof of Claim's deficiency within the 20-day period, as well as claimants who submitted Proofs of Claim which demonstrated that the claimant was ineligible to participate in the Settlement (*i.e.*, the Proof of Claim did not have any purchases of JBI common stock during the Class Period or where calculation of the Proof of Claim under the Plan of Allocation did not result in a net loss) were

1  sent a notice of rejection advising them that the Proof of Claim had been rejected and they were not
2  eligible to receive a distribution from the Net Settlement Fund ("Rejection Notice"). Sample
3  Rejection Notices are attached hereto as Exhibit B.

4      In addition to notifying the claimant of the rejection of their Proof of Claim, the Rejection
5  Notice also advised the claimant of their right to request review of Gilardi's determination to reject
6  their Proof of Claim. Specifically, the Rejection Notice stated that the claimant could request a
7  review of their Proof of Claim by submitting a statement in writing, setting forth the reason(s) the
8  claimant believed that Gilardi's determination to reject their Proof of Claim was incorrect, along
9  with any supporting documentation, within 20 days from the date of the notice. There are currently
10 no requests by claimants for review by this Court, or for further administrative review by Gilardi, of
11 the rejection of their Proof of Claim.

12     As part of the claims administration, Gilardi also reviewed Proofs of Claim to be sure they
13 were not submitted by any persons or entities excluded, by definition, from the Class, or by any
14 person or entity who, although otherwise entitled to be in the Class, timely and validly requested
15 exclusion from the Class.[4] In addition, Gilardi maintains a database of individuals and entities that
16 have submitted false or questionable claims in connection with other matters where Gilardi has
17 served as claims administrator ("Questionable Filer List"). Gilardi's internal fraud investigation
18 team, which is led by two former Federal Bureau of Investigation agents, compared the Proofs of
19 Claim submitted in this Litigation against Gilardi's Questionable Filer List to audit for Proofs of
20 Claim that may have required further review. No Proofs of Claim, however, were rejected based on a
21 match with names on the Questionable Filer List.

### PLAN OF ALLOCATION

23     Proofs of Claim which were properly submitted and supported with adequate documentary
24 evidence were calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice.
25 A copy of the Plan of Allocation as set forth on pages 7-8 of the Notice is attached hereto as Exhibit
26 C.

---

[4] Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families, any entity in which any Defendant has or had a legal controlling interest, and the legal representatives, heirs, successors, or assigns of a Defendant.

DECLARATION OF NASHIRA MCCOY IN SUPPORT OF MOTION FOR ORDER FOR DISTRIBUTION OF NET SETTLEMENT FUND

4

**ACCEPTED AND REJECTED CLAIMS**

Gilardi has processed a total of 1,020 Proofs of Claim, of which a total of 470 Proofs of Claim are valid and are recommended for acceptance. The total Recognized Losses for the 470 Proofs of Claim that are recommended for acceptance, as calculated pursuant to the Court-approved Plan of Allocation, is $2,324,858.36.

A total of 550 Proofs of Claim were determined to be ineligible and are recommended for rejection for the following reasons:

| # of Claims | Code | Reason for Rejection |
|---|---|---|
| 357 | NCL | No Recognized Loss when calculated pursuant to the Plan of Allocation |
| 26 | NTX | No Eligible Transactions Listed in Proof of Claim |
| 85 | NP | No Purchase(s) of JBI Common Stock During the Class Period |
| 19 | DUP | Duplicate Proof of Claim |
| 62 | DEF | Otherwise Defective |
| 1 | WDN | Withdrawn |

Submitted herewith as Exhibit D is a computer printout listing all of the Proofs of Claim submitted herein. The first portion of the printout, Exhibit D(1), lists all of the Proofs of Claim recommended for acceptance (in the order of the number assigned to the Proof of Claim) and shows each correlating Recognized Loss amount. The second portion of the printout, Exhibit D(2), lists all of the Proofs of Claim recommended for rejection (in the order of the number assigned to the Proof of Claim) and shows the code letter corresponding to the reason each Proof of Claim was rejected.[5]

Gilardi has spent the time necessary to do a thorough job of processing all Proofs of Claim submitted in connection with the Settlement and to protect the interests of each Class Member who submitted a Proof of Claim. No Proofs of Claim were rejected out-of-hand and adequate time was spent by Gilardi communicating with claimants about their Proofs of Claim, suggesting appropriate ways to document their Proofs of Claim, and assisting claimants in properly completing their deficient submissions so that they would be eligible to participate in the Settlement. Telephone calls, written letters and email correspondence from claimants to Gilardi were courteously handled. Claimants were assisted to the fullest extent possible.

---

[5] For privacy reasons, only the Proof of Claim number and Recognized Loss amount or reason for rejection are disclosed in Exhibit D.

DECLARATION OF NASHIRA MCCOY IN SUPPORT OF MOTION FOR ORDER FOR DISTRIBUTION OF NET SETTLEMENT FUND

5

It is respectfully recommended that the Court enter an Order approving the above determinations accepting and rejecting the Proofs of Claim submitted herein.

## LATE BUT OTHERWISE VALID CLAIMS

Of the Proofs of Claim processed, 44 were postmarked after April 17, 2015, the Proof of Claim submission deadline established for this matter. These Proofs of Claim were accepted for processing, subject to such other deficiencies as were determined to exist. After processing these late-submitted Proofs of Claim, Gilardi has determined that 25 of these claims would have been eligible to receive a payment from the Net Settlement Fund if they had been timely submitted.[6] Gilardi believes that no delay in the processing or distribution of the Net Settlement Fund resulted from processing these late-submitted Proofs of Claim due to the time required to process the timely-submitted Proofs of Claim. Accordingly, Gilardi recommends inclusion of these 25 Proofs of Claim independent of their submission date, and that these late but otherwise eligible Proofs of Claim receive their *pro rata* share of the Net Settlement Fund.

There must be a final cut-off date after which no additional Proofs of Claim or responses to Notices of Deficiency and Rejection Notices may be accepted for processing at this time. This is done so that there may be a proportional distribution of the Net Settlement Fund and the distribution of the Net Settlement Fund may be accomplished without further delay and expense to the Class. In anticipation of completing the administration for this matter, Gilardi has not accepted for processing any Proof of Claim received after September 30, 2016. Accordingly, it is respectfully recommended that this Court order that (i) any Proof of Claim received after September 30, 2016 be rejected as untimely and (ii) any response to a Notice of Deficiency or Rejection Notice received after September 30, 2016 be rejected as untimely.

## *PRO RATA* DISTRIBUTION OF NET SETTLEMENT FUND

If the Court grants Lead Counsel's motion, Gilardi staff will undertake the following tasks in connection with distribution of the Net Settlement Fund: calculate the *pro rata* payment amounts from the Net Settlement Fund by comparing the Authorized Claimants' total Recognized Losses (as calculated pursuant to the Court-approved Plan of Allocation) with the total dollar value of the Net

---

[6] As these 44 late claims have been provisionally accepted, they are included in the claims recommended for rejection and acceptance, Exhibit D(1) and D(2)

Settlement Fund at the time of distribution; prepare payment drafts and payment registers; mail payments to Authorized Claimants by prepaid first class mail; issue replacement payments upon request by payee; and answer inquiries about Proof of Claim calculation and payment amounts.

To further encourage Class Members to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Gilardi proposes that all the distribution checks bear a notation "CASH PROMPTLY, VOID 90 DAYS AFTER ISSUE DATE."

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, Lead Counsel, if feasible, shall cause the Claims Administrator to subsequently distribute such remaining balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution in an equitable and economical fashion.

Any balance which remains in the Net Settlement Fund, following such subsequent redistribution, shall then be donated to one or more secular §501(c)(3) organization(s) selected by Lead Counsel.

**RECORDS RETENTION AND DESTRUCTION**

Unless otherwise ordered by the Court, Gilardi will destroy the paper copies and all supporting documentation of the Proofs of Claim not less than one year after distribution of the Net Settlement Fund, and all electronic copies of claim records not fewer than three years after distribution of the Net Settlement Fund.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 27th day of March 2017, San Rafael, California.

NASHIRA MCCOY

DECLARATION OF NASHIRA MCCOY IN SUPPORT OF MOTION FOR ORDER FOR DISTRIBUTION OF NET SETTLEMENT FUND

7

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 19, 2017, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the District of Nevada, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 19, 2017, at Los Angeles, California.


*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II

# Mailing Information for a Case 3:11-cv-00545-RCJ-WGC Howard L. Howell, et al., v. JBI, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard G. Campbell , Jr**
  rcampbell@rgclawoffice.com

- **Lionel Z. Glancy**
  INFO@GLANCYLAW.COM,lglancy@glancylaw.com

- **Michael M. Goldberg**
  michael@goldberglawpc.com,brian@goldberglawpc.com

- **Patrick R. Leverty**
  pat@levertylaw.com,staff@levertylaw.com,patleverty@gmail.com

- **Michael R. MacPhail**
  michael.macphail@faegrebd.com,stephanie.rzepa@faegrebd.com

- **Bret F Meich**
  bmeich@downeybrand.com,reno@downeybrand.com

- **David C OMara**
  david@omaralaw.net,val@omaralaw.net,bsnyder@omaralaw.net

- **Robert V. Prongay**
  rprongay@glancylaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Ex Kano S. Sams , II**
  esams@glancylaw.com

- **Katherine W. Wittenberg**
  katherine.wittenberg@faegrebd.com,michelle.soule@faegrebd.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)