David C. O'Mara, Esq.
Nevada State Bar No. 8599
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty Street
Reno, Nevada 89051
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

*Liaison Counsel for Plaintiffs*

Lionel Z. Glancy
Ex Kano S. Sams II
Robert V. Prongay
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Plaintiffs*
[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD L. HOWELL, Lead Plaintiff, ELLISA PANCOE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JBI, INC., f/k/a 310 HOLDINGS, INC., JOHN BORDYNUIK, and RONALD BALDWIN, JR.,<br><br>Defendants. | Case No. 3:11-CV-00545-RCJ-WGC |

**ORDER AUTHORIZING THE DISTRIBUTION OF THE NET SETTLEMENT FUND**

Due, proper, and adequate notice having been given of the Motion for an Order Authorizing Distribution of the Net Settlement Fund, as required and pursuant to Constitutional, rule and statutory requirements, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All timely claims that the Class Administrator has determined to be eligible, as listed in Exhibit D(1) of the Declaration of Nashira McCoy In Support of Motion for Order for Distribution of Net Settlement Fund ("McCoy Declaration"), are approved for payment from the Net Settlement Fund;

2. All late-filed claims submitted after the April 17, 2015, deadline for filing claims and before September 30, 2016, but otherwise determined to be eligible by the Claims Administrator, listed in Exhibit D(1) of the McCoy Declaration, are also approved for payment from the Net Settlement Fund;

3. All claims that the Claims Administrator has determined to be ineligible or unacceptable, as listed in Exhibit D(2) of the McCoy Declaration, are disallowed and shall not be paid;

4. No claim received on or after September 30, 2016, may be accepted for any reason whatsoever, and that no further adjustments to claims may be made for any reason after September 30, 2016;

5. The entire balance of the Net Settlement Fund, after deducting the payments previously allowed and requested herein, be distributed to the Authorized Claimants in Exhibit D(1) of the McCoy Declaration based on each Authorized Claimant's Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants;

6. All distribution checks issued to Authorized Claimants bear the notation: "CASH PROMPTLY, VOID 90 DAYS AFTER ISSUE DATE";

7. If economically feasible, any funds remaining in the Net Settlement Fund after the initial distribution will be allocation in the second distribution to Authorized Claimants who have cashed their checks from the initial distribution, or that, if a second distribution is not economically feasible, the balance of the Net Settlement Fund will be disbursed to the designated nonprofit §501(c)(3) organization;

8. Any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants are barred, and all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund are released from any claims arising out of their involvement; and

9. The Claims Administrator shall destroy claim forms and records in paper form one year after final distribution and the destruction of claim forms and records in electronic form three years after final distribution.

DATED: June 14, 2017

_____
The Honorable Robert C. Jones
United States District Judge